**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 18 2013, 8:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**JAMES W. MCNEW**
**JON A. KEYES**
Allen Wellman McNew
Greenfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DANIELLE KELLY,                            )
                                           )
    Appellant-Defendant,                  )
                                           )
        vs.                             )    No. 30A01-1112-CR-584
                                           )
STATE OF INDIANA,                          )
                                           )
    Appellee-Plaintiff.                   )

APPEAL FROM THE HANCOCK CIRCUIT COURT
The Honorable Richard D. Culver, Judge
Cause No. 30C01-1009-FA-209

**January 18, 2013**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Danielle Kelly petitions for rehearing of this court's opinion dated August 30, 2012, in which we addressed three issues on interlocutory appeal from the trial court's denial of Kelly's motion to suppress: 1) whether a vehicle search violated the federal constitution; 2) whether the search violated the state constitution; and 3) whether incriminating statements she made to police at the scene should be suppressed; we held the trial court did not err in any respect. Kelly v. State, 973 N.E.2d 110 (Ind. Ct. App., Aug. 30, 2012) (table). On rehearing, Kelly does not challenge our conclusions as to the vehicle search, but contends we failed to consider a "dispositive fact" in our discussion of the incriminating statements. Because this is an interlocutory appeal of a motion to suppress and the issue is likely to arise again at trial, we grant rehearing to address Kelly's claim but reaffirm our opinion in all respects.

We briefly recount the facts relevant to this issue: after Kelly's vehicle, in which she was a passenger, was stopped by police due to a tip that the driver was carrying drugs, officers questioned Kelly for several minutes without first giving her Miranda warnings. During this initial questioning, Kelly admitted she knew there were drugs in the car. After she was advised of her Miranda rights, she repeated this admission. The State charged Kelly with dealing in cocaine and possession of cocaine within 1,000 feet of a public park or youth program center, both Class A felonies. Kelly filed a motion to suppress, among other things, her incriminating statements, which the trial court denied.

On appeal, Kelly claimed her post-Miranda statements should be suppressed pursuant to Missouri v. Seibert, 542 U.S. 600 (2004). We held that because the pre-Miranda questioning was brief and there was no indication the failure to give the warnings initially was part of a concerted effort to obtain an unlawful confession, Seibert

2

did not compel suppression of Kelly's post-<u>Miranda</u> statements.  Instead, we held this case was more akin to the facts of <u>Oregon v. Elstad</u>, 470 U.S. 298 (1985), in which the unwarned questioning was brief and the lack of warnings was an oversight. The "dispositive fact" Kelly contends we failed to consider in our decision on this issue is that during the post-<u>Miranda</u> questioning, the officers referenced her pre-<u>Miranda</u> statements admitting knowledge of the cocaine.

Admittedly, this case falls on a continuum somewhere between the facts of <u>Elstad</u> and those of <u>Seibert</u>.  <u>Seibert</u> specifically pointed out a "series of relevant facts" that bear on whether mid-stream <u>Miranda</u> warnings can be effective:

> [T]he completeness and detail of the questions and answers in the first round of interrogation, the overlapping content of the two statements, the timing and setting of the first and the second, the continuity of police personnel, and the degree to which the interrogator's questions treated the second round as continuous with the first.

542 U.S. at 615.  In this case, the failure to warn appears inadvertent and the pre-warning questioning was brief and broad, as in <u>Elstad</u>; but the post-warning questioning continued immediately, in the same location, and by the same officer, as in <u>Seibert</u>. And, as Kelly has pointed out, the officers did reference her pre-warning admission during the post-warning questioning.  Nonetheless, the <u>Seibert</u> decision was directed at deliberate efforts to undermine the purpose of <u>Miranda</u> warnings and not at good faith failures that pose no threat to warn-first practice generally.  Even considering the officers' reference to Kelly's pre-warning statement, which we do not condone, we continue to believe the immediate, unorganized questioning on the scene makes this case more akin to <u>Elstad</u>, and reiterate that the trial court did not abuse its discretion in

3

denying Kelly's motion to suppress incriminating statements made post-warning. We affirm our opinion in all respects.

BAILEY, J., and MATHIAS, J., concur.